[S. F. No. 3992. Department One.—October 8, 1904.]

In the Matter of the Estate of ELLA ROBERTA WILSON SMITH, Deceased. ELLA J. CHAMBERLAIN, Appellant, v. BUTLER SMITH et al., Respondents.

WILLS—INHERITANCE BY POST-TESTAMENTARY CHILD—CONTRIBUTION BY DEVISEES AND LEGATEES—ANNUITY TO MOTHER OF TESTATOR.—A child born after the making of the last will of a deceased testator is entitled to inherit the same share of the estate as if no will were made; and all devisees and legatees must contribute proportionately

to such share, if there is no obvious intention of the testator to the contrary. In the absence of such obvious intention shown from the words of the will, a specific monthly annuity bequeathed by the testatrix to her mother must, as a legacy, contribute a proportionate share of such inheritance.

ID.—CHILD ABOUT TO BE BORN—PRESUMED KNOWLEDGE OF LAW—OBVIOUS INTENTION NOT SHOWN.—The fact that the testatrix was soon to give birth to a child when the will was made is not sufficient proof of an obvious intention that the legacy of the annuity given to the mother should not contribute to the legal inheritance of the post-testamentary child. Though she was probably actually ignorant of the law as to such inheritance, she must be presumed to know it, and to know that the mother must contribute proportionately thereto, unless a contrary intention was made manifest by the terms of the will.

APPEAL from a decree of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Wright & Lukens, and John A. Wright, for Appellant.

The probable immediate confinement known to the testatrix when the will was made shows her intention that the father should take the share given by the will and support the child, and that her mother's legacy should be intact. (Civ. Code, sec. 1308; *Peters* v. *Siders,* 126 Mass. 135.[1])

Garret W. McEnerney, for Respondents.

In cases of proportionate abatement annuities stand upon the same basis as legacies, unless a contrary intention clearly appears from the will. (2 Williams on Executors, 1220-1221, 1367; Underhill on Wills, secs. 391, 392; *Estate of Gray,* 13 Phila. 372; *Emery* v. *Batchelder,* 78 Me. 233; *Croly* v. *Weld,* 3 De Gex, M. & G. 996; *Wroughton* v. *Colquhoun,* 1 De Gex & S. 351; *Ward* v. *Gray,* 26 Beav. 485.)

ANGELLOTTI, J.—This is an appeal by Ella J. Chamberlain, the mother of deceased, from a decree of partial distribution, refusing to award her $125 per month for the period of her life, and awarding her only $83.33 1/3 per month for that period.

[1] 30 Am. Rep. 671.

The will of the deceased was as follows: "I, Ella Roberta Wilson Smith, being of sane and sound mind do hereby declare this my last will, and do hereby give and bequeath all of which I may die possessed, to my beloved husband to be for his benefit and maintenance during his life. At his death to go to my beloved daughter Roberta Genevieve Smith.

"To my mother I desire shall be paid $125.00 per month as long as she shall live.        "Ella Roberta Wilson Smith.

"February 1st, 1903."

Six days after the making of this will the deceased gave birth to a son, and on February 27, 1903, twenty days after the birth of such son, she died, leaving surviving her husband and mother, and her two children, Roberta Genevieve and Randolph Wilson, the post-testamentary son.

She left estate consisting of personal property valued at two hundred dollars and real property valued at $99,175, all of which was separate property. The net income from this property was three hundred dollars per month.

No part of the annuity to the mother having been paid, she petitioned the court in probate for a decree directing the administrator with the will annexed to pay and deliver to her the arrears of the said annuity at the rate of $125 per month, as provided in the will.

The court decreed that she was entitled to receive only $83.33 1/3 per month, and ordered this amount paid to her from March 27, 1903, "so long as she shall live," and she has appealed, claiming that under the provisions of the will she is entitled to $125 per month.

The question presented by this appeal is as to the effect upon the annuity to the mother of the birth of the post-testamentary child, in view of certain provisions of our Civil Code. Section 1306 of the Civil Code is as follows: "Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate."

It is not disputed that the post-testamentary child comes

within the terms of this section and is entitled to the benefit
of its provisions. Therefore, subject to the provisions of sec-
tion 1308 of the Civil Code, and subject to administration,
the post-testamentary child succeeded immediately, by opera-
tion of law, to an undivided one third of the property of the
testatrix. As to such portion, the deceased is to be regarded
as having died intestate (*Smith* v. *Olmstead,* 88 Cal. 582[1]),
and, so far as such child is concerned, the will is to be consid-
ered as not existing.

The effect of this being to deprive both the husband and the
daughter of one third of the portions attempted to be given
them by the will, the question is as to whether the annuity to
the mother must also be cut down one third.

Section 1308 of the Civil Code provides that "When any
share of the estate of a testator is assigned to a child born
after the making of a will, or to a child, or the issue of a
child, omitted in the will, as hereinbefore mentioned, the same
must first be taken from the estate not disposed of by the will,
if any; if that is not sufficient so much as may be necessary
must be taken from all the devisees or legatees, in proportion
to the value they may respectively receive under the will,
unless the obvious intention of the testator in relation to
some specific devise or bequest, or other provision in the will,
would thereby be defeated; in such case, such specific devise,
legacy, or provision may be exempted from such apportion-
ment, and a different apportionment, consistent with the in-
tention of the testator, may be adopted."

Concededly, the annuity here involved is a legacy. (Civ.
Code, sec. 1357.) There is no estate not disposed of by will.
The legacy to the mother of deceased must therefore con-
tribute, in proportion to its value, to make up the share of
the child, unless the obvious intention of the testatrix in rela-
tion to such legacy, as distinguished from her intention as
to the other dispositions made by the will, would thereby be
defeated.

No such obvious intention is apparent from the words of
the will. As stated by this court in *Estate of Ross,* 140 Cal.
282, 293, "The general rule announced by the section (Civ.
Code, sec. 1308) is, that all devises and legacies must con-
tribute in proportion to value, and that the exemption of a

---

[1] 22 Am. St. Rep. 336.

specific devise is only warranted when the *obvious intention* of the testator in relation to it would be defeated if contribution was required.'' By the will in that case a lot of land was specifically devised to a stepdaughter, and, with the exception of two nominal legacies, the residue of the property was bequeathed to two daughters, and it was held that the pretermitted child of a deceased child succeeded to an undivided one third of the whole of the property, including that specially devised, and that the specific and residuary bequests must alike contribute in proportion to value. The mere fact, then, that one legacy is specific, as is claimed by appellant for the annuity here involved, and that another legacy is in its nature residuary, does not show the obvious intention contemplated by section 1308 of the Civil Code. Under that section all legacies and devises, whatever their character, must contribute in such a case, unless the obvious intention of the testator in relation to some particular legacy or devise would be thereby defeated.

By her will the deceased purported in terms to dispose of *all* her property. She must be assumed to have had in mind all her property and its condition, and to have distributed the same among the objects of her bounty *in such proportions* as she thought proper. The amount fixed upon by her for her mother must be deemed to have been so fixed not only in accordance with her views as to her mother's needs, but in accordance with her views as to what under all the circumstances, including the needs of all, would be a fair division among those near and dear to her. There is absolutely nothing in the language of the will to indicate any other intention on the part of the testatrix than that, the husband holding during his life *all* the property of which she died possessed, and her daughter taking *all* of the same absolutely upon his death, the mother should receive $125 per month therefrom during her life. These were the proportions deemed just by the testatrix. The intention that the portions of the estate thus attempted to be given to the father and daughter were to be enjoyed by them unimpaired, was as obvious as the intention that the mother should have the full amount of her legacy. There is nothing to indicate that the legacy to the mother was under all circumstances to be kept intact, in the event that the bequests to the father and daughter be-

came in part ineffectual. So much for the language of the will.

Appellant claims, however, that the circumstances under which the will was made must be taken into consideration in determining the intention of the testatrix, and invokes the provisions of section 1318 of the Civil Code, which declares that "In case of uncertainty arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will taking into view the circumstances under which it was made exclusive of his oral declarations."

Assuming the applicability of this section, and that we may consider the circumstances under which the will was made for the purpose of determining the "obvious intention" of the testatrix in this regard (see, however, *Estate of Ross,* 140 Cal. 282; *In re Stevens,* 83 Cal. 322;[1] *Estate of Wardell,* 57 Cal. 484; *Estate of Tompkins,* 132 Cal. 173, 176), we do not see that the case of appellant is materially strengthened. The circumstance strongly relied on by her is, that at the time of the execution of the will the deceased was within a few days to give birth to a child. It was urged that she must therefore have had this child in mind, and made this will because of her approaching confinement and the danger attending the same. The child, therefore, it is said, must have been in her mind, and she must be presumed to have known that such child, if born alive, would under the law succeed to one third of her estate, and to have made the provision of $125 per month for her mother with the intention that she should be paid that sum in full, notwithstanding the fact that the estate from which said annuity was to be paid would be reduced one third by the birth of the child.

The provisions of the will would indicate that if the testatrix had this child in mind at the time of the execution of the will, her omission to provide for him was intentional, and that she in fact did not know that the law would give him one third of her estate if she failed to provide for or mention him in her will. It is impossible to account for her attempted disposition of *all* of her property to others, under such circumstances, upon any other theory. Assuming, however, in accordance with the presumption invoked, that she did know the

---

[1] 17 Am. St. Rep. 252.

law, she knew not only that if the child was born alive, and had not been provided for or mentioned in her will, he would succeed to one third of her estate by operation of law, but also that under the law, unless her intention to the contrary was made obvious by the terms of her will, all devises and legacies contained therein, including the legacy to her mother, must contribute in proportion to value to make up the share of the child. Having this knowledge, she executed the will before us, without indicating therein any intention that the legacy to the mother should not contribute with the others to make up the portion that the law would give to her after-born child, or that such legacy should in this respect stand upon any other footing than that occupied by the other bequests.

We are satisfied that it is not shown by the will, either taken alone or in connection with the circumstances under which it was made, that there was any such "obvious intention" in relation to the annuity to the mother as will exempt it from contribution to the share of the post-testamentary child.

The decree of the superior court is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.