158 Cal.App.2d 630 (1958)
Estate of EDNA J. NESBITT, Deceased. GOOD SHEPHERD FOUNDATION (a Corporation), Appellant,
v.
FIRST WESTERN BANK AND TRUST COMPANY, Respondent.
Civ. No. 22654. 
California Court of Appeals. Second Dist., Div. Two. 
Mar. 24, 1958.
 Robert Einstein for Appellant.
 Mabel Clausen for Respondent. *631
 FOX, P. J.
 This is an appeal by the contestant from the judgment approving the final accounting and order of distribution in the estate of Edna J. Nesbitt.
 It is appellant's position that the executor erred in paying a portion of the inheritance tax out of the decedent's general estate. It contends that such tax should have been paid by the beneficiary.
 The testatrix left a will and four codicils. In her will she provided: "I hereby direct my executor ... to pay, out of my general estate, all my just debts and funeral expenses, and all Federal and State estate and inheritance taxes." By the second codicil testatrix devised to Marguerite Belle Johnson certain real property; by the third codicil she bequeathed $1,000 to the Good Shepherd Foundation, the contestant and appellant herein; by the fourth codicil she bequeathed her household furniture and furnishings to Miss Johnson. The gifts to Miss Johnson were conditioned upon her being continuously in the employ of the testatrix from the date of the two codicils to the death of testatrix. Miss Johnson fulfilled the condition.
 The inheritance tax against Miss Johnson's share was $1,397.23. There was only $220.72 left in the estate after the specific devises and bequests and the payment of the expenses of administration. If the estate was to pay the inheritance tax on Miss Johnson's inheritance it needed $1,176.51 additional funds. To meet this need Miss Johnson advanced the estate $1,500. This was $323.49 ($1,500--$1,176.51) more than the amount required to fully pay the inheritance tax. The court found that the sum of $323.49 cash advanced to the estate by Miss Johnson did not constitute an asset of the estate and ordered it returned to her. It is thus apparent that the executor used the balance of the funds on hand in the estate to apply on the inheritance tax on Miss Johnson's inheritance. As a result there was no money left in the estate, hence the Good Shepherd Foundation received nothing. It contends that Miss Johnson should have been required to pay the inheritance tax on her inheritance. On that basis the foundation would have been entitled to receive the $220.72 remaining in the estate.
 [1] An inheritance tax is upon the right of succession. (Estate of Kennedy, 157 Cal. 517, 523 [108 P. 280, 29 L.R.A. N.S. 428].) "The tax is not one of expenses of administration or a charge upon the general estate of the decedent; it is *632 collectible out of each specific share or interest to which the beneficiary succeeds, and not from the general property of the estate." (Cohn v. Cohn, 20 Cal.2d 65, 68 [123 P.2d 833]; Kelso v. Sargent, 11 Cal.App.2d 170, 177 [54 P.2d 26].) [2] This principle, however, does not prevent a testator from making an appropriate provision in his will by which the intended bequest passes to the beneficiary undiminished by inheritance tax. Estate of Irwin, 196 Cal. 366 [237 P. 1074], relied upon by respondent, illustrates the technique by which this result may be accomplished. (See also annotations: 51 A.L.R. 454 and 37 A.L.R.2d 7.) In the Irwin case, the fifth paragraph of the will reads:
 "5. I give and bequeath to my son-in-law, Charles Templeton Crocker, the sum of one hundred thousand dollars ($100,000) in United States Gold Coin, free and clear of all inheritance taxes, which I direct to be paid from the residue of my estate." In interpreting this paragraph the court stated (pp. 375-376):
 "In the absence of such a provision as that contained in paragraph 5 of the will that the bequest of $100,000 shall be free and clear of all inheritance taxes and directing the payment of the taxes out of the residue of the estate, it is apparent that the bequest of $100,000 would itself be liable for the payment of the inheritance tax thereon. The actual value of the property, therefore, transferred to Charles Templeton Crocker by paragraph 5 of the will was not the sum of $100,000 but the sum of $100,000 plus an amount sufficient to permit him to take the $100,000 free from all liability for the inheritance tax. ... That is to say, the amount bequeathed to him by the will was such an amount as would net $100,000 after the payment of the inheritance tax thereon. In short, by making the payment of the tax payable out of the residue of the estate, the legatee was bequeathed an additional amount sufficient to pay the tax and the tax upon the tax ad infinitum."
 "The amount which the residuary legatee actually received was the residuum after the payment of the inheritance tax upon the bequest of $100,000."
 While the principle in the Irwin case is applicable in theory to the case at bar, it does not, as a practical matter, solve the problem before the court because of the inadequacy of the funds in the estate. It is true that the provision for payment of estate and inheritance taxes constitutes an attempt to give Miss Johnson an additional legacy. However, this additional legacy was to be paid from the "general estate" of the *633 testatrix. By the term "general estate" the testatrix undoubtedly meant the residue of her estate which remained after the devise and the specific and general bequests. Several cases have held that in a will provision directing that estate and inheritance taxes be paid from the "general estate," the term "general estate" meant the residuary estate. (In re Mills' Will, 272 App.Div. 229 [70 N.Y.S.2d 746, 749], aff'd 297 N.Y. 1012 [80 N.E.2d 535]; In re Chambers' Estate, 54 N.Y.S.2d 88, 90; In re Reid's Will, 79 N.Y.S.2d 248, 250; In re Bayne's Will, 102 N.Y.S.2d 525, 528; In re Becher's Estate, 123 N.Y.S.2d 589, 601; In re Whitman's Estate, 125 N.Y.S.2d 165, 167.) The difficulty in the instant case arose because there was no residuary estate; in fact, the funds in the estate were inadequate to meet all the bequests. [3a] Since there was no residuary estate out of which the inheritance tax could be paid, the question for determination is whether the provision for the payment of Miss Johnson's inheritance tax takes precedence over the general bequest to appellant.
 We have concluded that the bequest to appellant takes priority. [4] "A residuary legacy embraces only that which remains after all the bequests of the will are discharged." (Prob. Code, 161; Estate of Hall, 183 Cal. 61, 64 [190 P. 364]; Estate of Marinos, 39 Cal.App.2d 1, 9 [102 P.2d 443].) It is obvious from this definition that a general or specific bequest takes priority over any gift to be paid from the residuary estate. [3b] This being so, it follows that the general bequest to appellant should have been satisfied before resorting to any property in the estate to pay Miss Johnson's inheritance tax. Since only $220.72 remained, this money should have been paid to appellant in partial satisfaction of its $1,000 legacy. There being nothing left in the estate from which the inheritance tax could be paid, it is clear that Miss Johnson must bear the burden of that tax, just as if the provision in the will for payment thereof never existed.
 The judgment is reversed with directions to enter a new judgment and order of distribution consistent with the views expressed herein.
 Herndon, J., and Kincaid, J. pro tem., [fn. *] concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.