30 Cal.App.3d 892 (1973)
106 Cal. Rptr. 700
Estate of EVELYNE F. COCHRAN, Deceased.
THELMA M. WISE, as Executrix, etc., Petitioner and Respondent,
v.
GARY J. GARIBALDI et al., Claimants and Appellants
KAREN MILES et al., Claimants and Respondents.
Docket No. 11343.
Court of Appeals of California, Fourth District, Division One.
February 27, 1973.
*894 COUNSEL
Ronald H. Prenner, Garibaldi & Lane, Warren J. Lane and Abe Mutchnik for Claimants and Appellants.
Irsfeld, Irsfeld & Younger and James B. Irsfeld, Jr., for Petitioner and Respondent and for Claimants and Respondents.
OPINION
COUGHLIN, J.[*]
This is an appeal from an order settling a first account current of the executrix of the will of Evelyne F. Cochran; fixing the source of payments of certain state inheritance and federal estate taxes, of debts of the decedent and the estate, of executrix's and attorney's fees, and of the expenses of administration; and decreeing abatement of the "legacies" of nonkindred testamentary beneficiaries in the event the "residue of the estate" is insufficient to make such payments.
Appellants are nonrelative beneficiaries under the will. Respondent, Karen Niles, referred to hereinafter as respondent, is a relative beneficiary. Thelma Wise is executrix. She makes no appearance on the appeal.
The will bequeaths specific personal property to an aunt of decedent and sums of money to three friends; bequeaths an interest in real property in trust for respondent and her issue; devises and bequeaths real and personal property to respondent directly; bequeaths real property in trust for appellant Donna Hoch, a friend; bequeaths real property in trust for appellant Gary Garibaldi, a friend; and devises and bequeaths "the rest residue and remainder" of the estate to another friend.[1] The will also provides all inheritance and estate taxes shall be paid out of the residue of the estate and shall not be chargeable against any legatee or devisee or beneficiary thereunder, except the taxes chargeable against respondent shall be paid by her and not out of the residue.
The court found and decreed "all legacies set forth in the will of the decedent" to appellants and respondent are "specific legacies," and further decreed, in substance, the "residue of the estate" shall be used first to pay federal estate and inheritance taxes chargeable to the beneficiaries under the *895 will, other than respondent; in the event the residue of the estate is insufficient to pay all of the taxes, the balance thereof shall be paid by the affected beneficiaries pursuant to Probate Code section 970 et seq.; after payment of taxes the balance of the residue of the estate, if any, shall be used to pay the "funeral expenses, debts, and costs of administration"; and in the event the residue is insufficient to make all the latter payments the additional funds needed to do so shall be obtained by abatement of "legacies" in the following order: (1) General "legacies" i.e., the bequests of money; (2) specific "legacies" to nonkindred of the decedent; and (3) specific "legacies" to kindred.
The executrix, by her account, asserts the residue of the estate on hand is not sufficient to pay the taxes, claims, debts, fees and expenses of administration remaining unpaid at the time she filed her account; further asserts an additional $235,820 cash is needed for this purpose; and sets up a schedule of abatement of "legacies" to effect payment in full of these items. It appears the total residue of the estate for which the executrix accounts is sufficient to pay all of the debts, fees and expenses of administration, but is not sufficient to pay these items and the estate and inheritance taxes payable therefrom under the terms of the will.
Concededly, the order directing the executrix first to pay the taxes from the residue, and thereafter to pay the debts, fees and expenses of administration, requires an abatement of devises and bequests under the will; the provisions of the order directing abatement first of testamentary dispositions to nonkindred, and then to kindred, results in a total abatement of "bequests" of real property to appellants; but there would be no such total abatement if the debts, fees and expenses of administration were paid first from the residue, the federal estate taxes were "prorated among the persons interested in the estate" as devisees and legatees pursuant to Probate Code sections 970, 971, 976, and appellants paid the state inheritance taxes for which they are liable under Revenue and Taxation Code sections 14101 and 14121.
(1) Federal estate and state inheritance taxes are obligations of the devisees and legatees named in a will unless the "testator otherwise directs in his will" (Prob. Code, § 970; Estate of Armstrong, 56 Cal.2d 796, 800 [17 Cal. Rptr. 138, 366 P.2d 490]; Estate of Hendricks, 11 Cal. App.3d 204, 206-208 [89 Cal. Rptr. 748]; Estate of Nesbitt, 158 Cal. App.2d 630, 631 [323 P.2d 474]; Estate of Cushing, 113 Cal. App.2d 319, 323 [248 P.2d 482]; see also Cohn v. Cohn, 20 Cal.2d 65, 68 [123 P.2d 833]); and, in any event, are not debts or expenses of administration of the estate (Cohn v. Cohn, supra, 20 Cal.2d 65, 68; Estate of Nesbitt, supra, 158 Cal. App.2d 630, 631).
*896 (2a) Appellants contend the residue of the estate should be charged first with payment of debts, fees and expenses of administration, and then with payment of the taxes directed by the will. Respondent contends the taxes should be paid first. The real issue is not the order of payment of these items from the residue, but rather, what part of the estate constitutes the "residue" from which the testator directed the payment of taxes. The issue is one of interpretation of the will. Paragraph I thereof states: "I direct my Executrix to pay all my just debts and funeral expenses as soon as convenient after my death. I direct that all estate and inheritance taxes payable by reason of my decease ... shall be paid out of the residue of my estate, and shall not be charged against or collected from any legatee, devisee, or beneficiary hereunder ... except all estate and inheritance taxes payable by reason of my decease (without limitation to taxes attributable to property passing under this Will, or any other limitation) to my niece, KAREN NILES, shall not be paid out of the residue of my estate but shall be deducted from the bequest or bequests under this Will to my niece, KAREN NILES." [Italics ours.] Paragraphs III through XI are devises and bequests of money or property, including those to appellants and respondent. Paragraph XII is a devise and bequest of the "rest, residue and remainder of my estate" to a named beneficiary.
We conclude the direction by the testatrix to pay the designated estate and inheritance taxes "out of the residue of my estate" is a direction to pay such out of that part of her estate remaining after satisfaction of the devises and bequests made in her will and payment of the debts, fees and expenses of administration of her estate.
(3) The purpose of interpreting a will is to ascertain the intention of the testator as expressed therein, and to give effect to that intention (Estate of Armstrong, supra, 56 Cal.2d 796, 803; Estate of Lawrence, 17 Cal.2d 1, 6 [108 P.2d 893]; Estate of Keller, 134 Cal. App.2d 232, 236, 239 [286 P.2d 889]; Estate of Moorehouse, 64 Cal. App.2d 210, 215-216 [148 P.2d 385]).
(4) Ordinarily the phrase "residue of my estate," as used in a will, refers to that part of the estate remaining after satisfaction of the devises and bequests in the will and the payment of debts, fees and expenses of administration (McDougald v. Low, 164 Cal. 107, 110 [127 P. 1027]; Estate of Keller, supra, 134 Cal. App.2d 232, 240-241; Estate of Moorehouse, supra, 64 Cal. App.2d 210, 214; see also Estate of Lawrence, supra, 17 Cal.2d 1, 8).
In Paragraph I of the will the testatrix first directed her executrix to pay all her "just debts and funeral expenses," and then directed payment of the designated taxes out of the residue of her estate. The arrangement of these *897 provisions is a factor indicating the testatrix intended her debts first should be paid and then the taxes (Estate of Keller, supra, 134 Cal. App.2d 232, 236-237).
Respondent's contention the taxes should be paid first, and then the debts of the estate, is premised on an interpretation of the will which would defeat the basic intent of the testatrix to devise designated property to appellants. For the apparent purpose of enabling her devisees to receive the property devised them without depletion, the testatrix directed the estate and inheritance taxes chargeable to them as devisees should be paid from the residue of her estate. Certainly, she did not intend this provision to effect an abatement of these devises. (5) An interpretation of a will which defeats a basic intention of the testator will be rejected, unless there is no alternative. (Estate of Armstrong, supra, 56 Cal.2d 796, 803-804.) (2b) Assuming the phrase "residue of my estate" as used in the will at bench might be interpreted to mean the remainder of my estate after satisfaction of the devises and bequests therein but before payment of debts, fees and expenses of administration, it also might be interpreted to mean the balance of my estate after satisfaction of the devises and bequests therein and payment of debts, fees and expenses of administration. The former interpretation would defeat the basic intention of the testatrix; the latter would not; the former should be rejected; and the latter should be accepted.
If, as appears from the record, the residue of the estate, after payment of debts, fees and commissions, is not sufficient to pay the estate and inheritance taxes as directed by the will, the direction is ineffective to the extent the residue is not sufficient to permit compliance; the devises to appellants remain intact; but appellants are subject to the tax burdens imposed by statute as though the tax payment direction in Paragraph I never existed (Estate of Nesbitt, supra, 158 Cal. App.2d 630, 633).
In light of the foregoing conclusion we need not consider other contentions of the parties, the ambiguous nature of the order appealed from or its effect.[2] However, as the erroneous concept of the meaning of the phrase *898 "residue of my estate," as used in the will, upon which the order is predicated also permeates the account of the executrix, the order should be reversed in its entirety.
The order is reversed.
Whelan, Acting P.J., and Ault, J., concurred.
A petition for a rehearing was denied March 14, 1973, and the petition of claimant and respondent Miles for a hearing by the Supreme Court was denied April 25, 1973.
NOTES
[*] Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.
[1] The will uses the term "bequeath" to express testamentary disposition of real property as well as personal property. The language used in summarizing the provisions of the will conforms to the language used in the will.
[2] Paragraphs VI and IX of the will give and bequeath real property in trust for appellants Donna Hoch and Gary Garibaldi. The order decrees the "legacies" in Paragraphs VI and IX are "specific legacies." The term "devise" means "a testamentary disposition of land" whereas the term "legacy" or "bequest" means "a like disposition of personalty" (Estate of Ross, 140 Cal. 282, 290 [73 P. 976]). A testator may use the words devise and bequeath erroneously, intending the terms merely to mean a testamentary purpose to dispose of property; and, for this reason, as in the case at bench, use of the word "bequeath" to express an intention to make a testamentary disposition of real property in effect is a devise (Estate of Ryan, 21 Cal.2d 498, 511 [133 P.2d 626]). On the other hand when a court or the Legislature uses these terms, adherence to the distinction between them is a significant prerequisite to clarity (gen. see Estate of Ryan, supra, 21 Cal.2d 498, 511-513; Estate of Ross, supra, 140 Cal. 282, 289, 290).

The trial court in the case at bench did not find or decree the testamentary disposition of real property in Paragraphs VI and IX of the will were "legacies"; instead, it found and decreed merely the "legacies" in these paragraphs were "specific legacies." [Italics ours.] In fact there were no "legacies" in those paragraphs.
The distinction between devises and legacies is significant in this case because Probate Code section 752 provides: "[L]egacies ... to kindred shall abate only after abatement of legacies to persons not related to the testator." [Italics ours.] However, there is an indication the Legislature intended section 752 should govern devises of real property as well as bequests of personal property, i.e., legacies, when the cause of abatement is the satisfaction of "debts or expenses or family allowance" as provided in Probate Code section 753 (Estate of Stevens, 27 Cal.2d 108, 118-121 [162 P.2d 918]).
However, as noted, the effect of the foregoing ambiguities on the merits of this case are nonexistent at this stage in light of our conclusion respecting the meaning of the phrase "residue of my estate" as used by the testatrix in Paragraph I of her will.