86   441
140  291

[No. 13588.  Department Two. — November 26, 1890.]

In the Matter of the Estate of JOHN BARTER, Deceased.

Descent and Distribution — Disinheritance of Child — Rights of Grandchildren — Construction of Code. — Where a testator intentionally omits to provide in his will for a daughter, who was alive at the making and publishing of the will, and who was disinherited by its terms, the children of such daughter, who were not mentioned in the will, have no rights to the property as heirs, under section 1307 of the Civil Code, and obtain none by their mother's death, before the death of the testator. That section does not protect any grandchildren from the effects of mere omission from the will, except those who were the issue of a child who was deceased at the time the will was made, and who were then presumptive heirs at law of the testator.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion.

*J. D. H. Chamberlin,* for Appellants.

*J. H. G. Weaver,* for Respondent.

FOOTE, C.— This is an appeal from a decree of distribution under the will of John Barter, deceased. The findings are as follows: "1. That on the fourth day of June, 1887, the said deceased, John Barter, made, published, and declared his last will and testament in manner following:—

"'In the name of God, amen, I, John Barter, of the county of Humboldt, state of California, of the age of seventy-two years, and being of sound and disposing mind and memory, and not acting under duress, menace, fraud, or undue influence of any person whatever, do make, publish, and declare this my last will and testament, in manner following, that is to say: First, I give, devise, and bequeath to my son Howard Barter, a resident of Humboldt County, state of California, all my property, real, personal, and mixed, whether in possession or expectancy, whereof I shall die possessed, or to which I may be entitled. I have other children,— a daughter and a son,— but it is not my wish or desire to leave anything to them or either of them. Lastly, I nominate and appoint O. H. Spring the executor of this my last will and testament, and hereby revoke all former wills by me made. In witness whereof, I have hereunto set my hand and seal this fourth day of June, one thousand eight hundred and eighty-seven.

"'JOHN BARTER. [Seal.]'

Which said will was thereafter duly admitted to probate by this court; that said executor named in said will

duly qualified and entered upon his duties as such executor, and thereafter such proceedings were had in the settlement of said estate that, on the nineteenth day of July, 1889, the said executor filed in this court his final account and petition for the distribution of said estate to Howard Barter, named in said will as sole residuary legatee. 2. At the execution of said will the said John Barter, deceased, had three living adult children, his heirs at law, to wit, John T. Barter, Dora C. Seidell (wife of L. A. Seidell, and mother of said contestants), and Howard Barter. 3. That the contestants, E. H. Seidell and L. A. Seidell, Jr., are the minor children of the said Dora C. Seidell. 4. That Dora C. Seidell died intestate on the eighth day of May, 1888, leaving her surviving her two said children, the said contestants. 5. That the said John Barter, deceased, died on the first day of January, 1889, not having revoked the will set forth in finding No. 1. 6. That L. A. Seidell was by this court duly appointed general guardian of the said contestants prior to August 8, 1889, and duly qualified as such general guardian. Conclusions of law: That Howard Barter, named in said will as sole residuary legatee, is entitled to a decree distributing to him the whole of the residue of said estate to the exclusion of said contestants. Let a decree be entered accordingly."

The appellants and contestants claim that, as the grandchildren of the testator, they are two of his heirs at law, and that, not being mentioned or provided for in his will, and nothing being contained in the will which shows such omission to have been intentional as to them, his estate is as if their grandfather had died intestate. Section 1307 of the Civil Code, on which they rely, reads: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator as if he had died

intestate, and succeeds thereto as provided in the preceding section."

At the time this will was made and published, and provision made for his son Howard Barter, the mother of these contestants was alive, and they were not "the issue of any deceased child." Their mother, then living, was intentionally omitted from the will and unprovided for, and was not therefore protected by the statute. The object of that section is not to protect any grandchildren except those who, as presumptive heirs at law, would be entitled, had no will been made, to inherit at the time the will is published and made. That is the time when the children of the testator or the children of a deceased child are supposed, if not mentioned in the will, to have been omitted by oversight, because, at such time, their mother being dead, they would be presumptive heirs at law of their grandfather. But if, at the time the will was published, the mother had been living, she would have been an heir at law at her father's death, unless intentionally omitted from the will. The statute intended to put a child, or the children of a deceased child, on the same footing at the time when the will is made and published, and when the intentions of the testator are to control in the construction of his will. When the will in question was made, the testator had no need to remember or mention the children of a living child, in order to prevent them from inheriting, at his death, as his heirs at law. Having intentionally omitted their mother, alive at the making and publishing of the will, the children had no rights under the section quoted, and obtained none when she died before the testator.

It follows, then, that the judgment appealed from should be affirmed, and we so advise.

Vanclief, C., and Gibson, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.