[S. F. No. 11362.   In Bank.—June 26, 1925.]

In the Matter of the Estate of MARY WALKER, Deceased.

[1] WILLS—LAPSE OF SPECIFIC BEQUESTS—INCLUSION IN RESIDUUM—INTENT OF TESTATRIX.—Where it is clear from the provisions of a will that certain property specifically bequeathed or devised is not intended to be included in the residuum upon such specific bequest or devise failing, such property passes to the heirs at law of the testatrix and not to the residuary legatee and devisee.

[2] ID.—CONTINGENCY DEPENDENT UPON SALE OF LAND—EFFECT UPON RESIDUARY CLAUSE—INTENT OF TESTATRIX.—Where a will bequeaths certain specific land to the nephews of the deceased husband of the testatrix, share and share alike, and by a residuary clause gives "all the rest and residue" of the estate of the testatrix to her nephew, the further provision in such will that, in the event of a sale or disposition of the oil and mineral rights of said land so devised to the nephews of her deceased husband, the money realized or to accrue therefrom should be divided equally between said nephews of her deceased husband and her nephew (the residuary legatee and devisee), share and share alike, and if one of said nephews of her deceased husband should make a sale under any authority from the testatrix during her lifetime and receive a commission for making such sale or a part of the proceeds thereof, then in such event he should not receive, under the terms of the will, any part of the proceeds of such sale, but the whole of said money should be divided between the other nephew of her deceased husband and her nephew (the residuary legatee and devisee), does not indicate an intention on the part of the testatrix to have such real property pass to her heirs rather than fall into the residuum and go to the residuary devisee and legatee in the event of its lapse either *in toto* or *pro tanto;* and such further provision does

not preclude the devise of said land to the nephews of the deceased husband from passing into the residuum in the event either or both of said devisees should predecease the testatrix.

[3] ID.—LAPSED DEVISE—ENLARGEMENT OF RESIDUUM.—A devise by will which lapses because the devisee predeceases the testatrix passes into the residuum under a residuary clause bequeathing and devising "all the rest and residue of" the testatrix's "estate and property, real, personal, and mixed, of every kind and character and wherever situated" to the nephew of the testatrix, as the language of such clause is broad enough to include all property of the testatrix not effectually disposed of by the will.

[4] ID.—KNOWLEDGE OF LAW—PRESUMPTION—INTENT OF TESTATRIX.— The testatrix is presumed to know that, in the event of a total or partial lapse of the devise to the nephews of her deceased husband, such lapsed devise or any part thereof would pass to the residuary legatee and devisee, and the fact that the will further provides for a possible and contingent sale or disposition of the oil and mineral rights of the land devised to the nephews of her deceased husband and the distribution of the proceeds in such a manner as to give the residuary legatee and devisee a *pro rata* share thereof, merely indicates that, in such event, the testatrix desires and intends that the residuary legatee and devisee should receive this additional specific legacy, along with any possible residuum that might come to him.

[5] ID.—DEATH OF RESIDUARY LEGATEE—DISPOSITION OF RESIDUUM— INTENT.—Such contingency with reference to the sale or disposition of the oil and mineral rights of said lands not having arisen, it cannot be contended that to hold that the nephew of the testatrix (the residuary legatee and devisee), who was not a party to the lapsed devise of said lands to the nephews of the deceased husband of the testatrix, or his heirs at law or their grantees, should take the lapsed portion thereof as part of the residuum, is to hold that the testatrix "intended to bequeath to one who died a portion of the residue happening in consequence of his own death."

[6] ID.—PREDECEASE OF RESIDUARY LEGATEE—DISPOSITION OF RESIDUUM —CONSTRUCTION OF CODE PROVISION.—Where the residuary legatee and devisee predeceases the testatrix, the lineal descendants of said residuary legatee and devisee take the residuum under the provisions of section 1310 of the Civil Code, including the residuum

---

3. Effect of restrictive words or reference to specific property in residuary clause to limited scope of clause as regards lapsed or ineffectual legacies and devises, note, 10 A. L. R. 1522.

6. Devolution of lapsed or void legacy where donee is also residuary legatee or devisee, note, Ann. Cas. 1914D, 719. See, also, 28 R. C. L. 340.

arising by reason of the lapse of legacies or bequests to legatees and devisees not related to the testatrix and who predeceased her.

[7] ID.—SCOPE OF CODE PROVISIONS—LAPSED LEGACIES AFFECTED.—The provisions of section 1310 of the Civil Code apply to a lapsed residuary devise or legacy, as well as to a lapsed specific devise or legacy.

(1) 40 Cyc., p. 1951, n. 55.    (2) 40 Cyc., p. 1925, n. 18, p. 1950, n. 54.    (3) 40 Cyc., p. 1950, n. 54.    (4)˙ 22 C. J., p. 149, n. 67; 40 Cyc., p. 1950, n. 54.    (5) 40 Cyc., p. 1952, n. 59.    (6) 40 Cyc., p. 1937, n. 75.    (7) 3 C. J., p. 507, n. 61; 40 Cyc., p. 1950, n. 54.

APPEAL from an order of the Superior Court of Humboldt County decreeing distribution of the estate of a deceased person.  George D. Murray, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. C. Nelson, J. F. Coonan, Geo. M. Harker and F. K. Lemon for Appellants.

F. W. Clyborne and J. S. Burnell for Respondent.

LAWLOR, J.—The decedent, Mary Walker, died February 2, 1923, in Humboldt County, in this state.  No husband or children, or the child of any deceased child, or father or mother, or brother or sister survived her.·  As her only heirs at law she left certain nieces and nephews and grand nieces and nephews—the appellants here being among said heirs at law.

By a will dated October 16, 1920, the decedent devised certain land in the Mattole Valley, in Humboldt County, to Isam Walker and Levant Cook, nephews of her deceased husband, share and share alike.  In the event of a sale or disposition of the oil and mineral rights of said land in the Mattole Valley, the will provided that the money realized or to accrue therefrom should be distributed one-third to Isam Walker, one-third to Levant Cook, and one-third to her own nephew, Louis C. Watts, the latter being an heir at law; that in case such sale was made by Isam Walker, under her authority, and he obtained a commission therefor, he should not receive a portion of the proceeds realized but, in that event, said proceeds should be divided

equally between said Levant Cook and said Louis C. Watts. The residuary clause of the will named said Louis C. Watts as residuary devisee and legatee.

Levant Cook predeceased the testatrix. As appears above he was not a relative of said testatrix. Louis C. Watts, the residuary devisee and legatee and who was a relative of said decedent, also predeceased the testatrix. Surviving him were two sons, Benjamin R. Watts and Raymond H. Watts, and a daughter, Amy Watts Zook.

The will was duly admitted to probate and after the filing of a final account a petition for distribution was filed by the executor which, among other things, prayed for the distribution of the lapsed devise to Levant Cook of an undivided interest in the Mattole Valley property to the said three children of Louis C. Watts, as heirs at law of said residuary devisee and legatee, and to their grantees. Opposition to said petition for distribution was filed on the part of the heirs at law of the decedent and asking for the distribution of said lapsed devise to such heirs at law. The court thereafter, against said opposition, made its decree distributing the said lapsed devise in accordance with the petition of the executor to the grantees of the children of Louis C. Watts, deceased residuary devisee and legatee. A motion for a new trial was interposed by said heirs at law and denied. This appeal was taken from said decree of distribution and from the order denying the motion for a new trial, the record consisting of the judgment-roll alone.

The appeal involves the third, fourth, and fifth clauses of the will, which respectively read as follows:

"Third: I give, and devise unto Isam Walker and Levant Cook, nephews of my deceased husband, John Walker, each an undivided one-half of all the property now owned by me in Mattole Valley, in the said County of Humboldt, State of California, it being in township 1 South, Range 2 West, Humboldt Base and Meridian, and being known as the John Walker Ranch.

"Fourth: In the event of a sale or disposition by me of the oil and mineral rights in the land owned by me in Mattole Valley, . . . and known as the John Walker Ranch, then and in such case the net sum realized by me on account of such disposition or sale and on hand at the time of my death, or money coming to my estate on account of such disposition or sale, I hereby give and bequeath to said Isam

Walker and Levant Cook and my nephew, Louis C. Watts, share and share alike, each receiving one-third thereof, but in case any such sale is made by Isam Walker under any authority from me during my life-time, and he receives under such authority a commission for making such sale or a part of the proceeds thereof, then in such event he is not to receive, under the terms of this will, any part of the money netted me on account of such sale, but the whole of said money is to be divided equally between said Levant Cook and my said nephew, Louis C. Watts.

"Fifth: I hereby give, bequeath and devise all the rest and residue of my estate and property, real, personal and mixed, of every kind and character and wherever situated, to my said nephew, Louis C. Watts."

On the "question of law whether or not under the facts at bar the decree was in accordance with law in distributing said lapsed legacy [devise] to the grantees of the children of Louis C. Watts, deceased," the appellants set forth two propositions, as follows:

"Proposition One: If Louis C. Watts had lived would the lapsed legacy [devise] have fallen into the residuum? . . . Now in this case there is a clause in the will that cannot possibly be reconciled with an intention on the part of the testatrix to include the Mattole lands in the residuum given to Louis C. Watts. [The fourth clause of the will, above quoted, is then set forth by appellants]. . . . Thus it has been held by this Court that 'where, however, it is manifest from the context, or from the provisions of the will that the testator used the words in some more restricted sense, it will be given the meaning, in which it is clear that the testator used it.' . . . [1] Where it is clear that certain property is not intended to be included in the residuum upon a bequest of such property failing, the property passes to the heirs at law and not to the residuary legatee."

It is proper to state in this connection that we concede the soundness of the above-stated rule but question its application to the facts here involved. [2] We fail to see how or wherein the fourth provision of the will, above quoted, and referring to the contingent disposition of the oil and mineral rights of the land in the Mattole Valley, tends to preclude the devise of said land to Isam Walker and Levant Cook from passing into the residuum in the event either or both of said devisees should predecease the

testatrix.   In our view, there is no indication of an intention
on the part of the testatrix to have this real property pass
to her heirs rather than fall into the residuum and go to
the residuary devisee and legatee in the event of its lapse
either *in toto* or *pro tanto*.   [3]   The language of the re-
siduary clause, as above indicated, is broad enough to
include all property of the decedent not effectually disposed
of by the will.   In a note to *Hill* v. *Hill,* 149 Ga. 741 [102
S. E. 151], appearing in 10 A. L. R., at page 1522, and
cited by respondents, the general rule is thus stated: "For
the purpose of this note the general rule is assumed that a
general residuary clause will carry ineffectual or lapsed
legacies.   In determining the devolution of lapsed legacies,
the courts assume that, by the use of a general residuary
clause, the testator evinced his intention not to die intestate
as to any of his estate, real or personal.   To overcome this
presumption the residuary clause must contain language
indicating that it was the intention of the testator to ex-
cept and withdraw from the operation of the clause, the
property he attempted to dispose of by a bequest or legacy,
or the surrounding facts and circumstances must show such
intention.   In this regard the mere fact that the bequest
or legacy was primarily for the benefit of some person other
than the residuary legatee is not sufficient to show that the
testator intended that if the legacy failed, it should inure
to the benefit of the heirs or next of kin, rather than the
residuary legatee."

Section 1332 of the Civil Code reads: "A devise of the
residue of the testator's real property passes all the real
property which he was entitled to devise at the time of his
death, not otherwise effectually devised by his will."

It is said in *Estate of Russell,* 150 Cal. 604, 605 [89 Pac.
345], cited in the above note: "But it is well settled that
section 1332, above quoted, abrogates this rule of the com-
mon law. . . . It is thus the accepted rule in this state that
where there is a valid general residuary devise real property
mentioned in a lapsed or void devise goes to the residuary
devisee, and not to the heirs, unless a contrary intent is
clearly expressed by the terms of the will."

[4]   We cannot accept appellants' contention that "She
was about to dispose of an interest in the realty, and know-
ing that in the event of death of Isam Walker or Levant
Cook, the lapsed legacy [devise] so falling in would go to

Louis C. Watts, she deliberately apportions to Louis C. Watts in a certain event, a certain *pro rata* of a certain interest in the Mattole property, and made no provision as to what would happen in the event of the death of either except by the general residuary clause. . . . "

The testatrix, as appellants concede, is presumed to know that in the event of a total or partial lapse of the devise to Isam Walker and Levant Cook said lapsed devise or part thereof would pass to Louis C. Watts, as residuary devisee and legatee. The fact that the will further provided for a possible and contingent sale or disposition of the oil and mineral rights of said land and the distribution of the proceeds in such a manner as to give the residuary devisee and legatee a *pro rata* share thereof, merely indicates to us that, in such event, the testatrix desired and intended that Louis C. Watts, residuary devisee and legatee, should receive this additional specific legacy, along with any possible residuum that might come to him.

[5] Appellants further state that "To hold that the testatrix intended the lapsed legacy [devise] of Cook to fall into the residuum under these circumstances would be to hold that the testatrix intended to bequeath to one who died a portion of the residue happening in consequence of his own death." *Crawford* v. *Mound Grove Cemetery Assn.*, 218 Ill. 399 [75 N. E. 998], is then cited and quoted from as follows: "Where legacies are given to several legatees, and the residue is bequeathed to the same legatees, it follows that the residue will not include a lapsed legacy to one of them. To hold in such a case, that the testator intended the lapsed legacy to fall into the residuum, was said in *Craighead* v. *Given*, 10 Serg. & R. 351, to hold that the testator intended to bequeath to one who died a portion of the residue happening in consequence of his own death—a construction which could never be supported." Appellants' brief continues: "Assume that testatrix had in fact disposed of the oil rights for one hundred thousand cash and ten per cent royalty on the product. And that Louis C. Watts by the will got one-third of the cash and one-third of the royalty under the will, and Louis C. Watts died. Then it is apparent that to hold that these amounts passed into the residuum is to hold that the testatrix intended to give to Louis C. Watts by the residuary clause a portion of the residue happening in consequence of his own death,

and as the question is as to the intention of the testatrix as to said lapsed legacy, that intention when found from one point of view is applicable to the other.''

If the oil and mineral rights of said land had been sold and the dispute here concerned the disposition of any portion of the proceeds thereof, perhaps the above quotation from the Illinois case would be applicable; such is not the case here, however, for we are concerned with the devolution of the lapsed part of a devise made to two persons *neither* one of whom is a residuary devisee or legatee. We do not perceive, then, how it can be maintained that if Louis C. Watts, residuary devisee and legatee, who was not a party to said lapsed devise, or his heirs at law or their grantees, should take the lapsed portion thereof as part of the residuum is to hold that the testatrix "intended to bequeath to one who died a portion of the residue happening in consequence of his own death." It should be kept in mind that this case is concerned with the *devise* of said real property to two persons neither one of whom is a residuary devisee or legatee, and not with the contingent *bequest* of the proceeds of a possible sale of the oil and mineral rights of said land. We see no merit in appellants' "proposition one."

[6] "Proposition Two: Do the heirs of Louis C. Watts take the lapsed legacy [devise]?" In reply to their own question appellants contend that the children of Louis C. Watts, residuary devisee and legatee, do not take the lapsed devise, for section 1310 of the Civil Code "expressly provides that the children of Watts shall take the estate *given by the will* and this particular property *was not given by the will,* and can only go to Watts' children by invoking the provisions of the law" (that is, section 1332 of the Civil Code). In other words, it is insisted by appellants that "It cannot be seriously claimed that it was the intention of testatrix at the execution of the will as shown by the will itself to give to Louis C. Watts the legacy [devise] to Cook which had not yet lapsed. They therefore must rely on the force of Section 1332 and not on the intention of the tes-tatrix. But section 1310 does not say 'the estate given by the will and by the statutes' but instead says 'the estate given by the will.' ''

Section 1310 of the Civil Code reads: "When any estate is devised or bequeathed to any child or other relation of the

testator, and the devisee or legatee dies before the testator, leaving lineal descendants, or any such child or other relation is named in a will as a devisee or legatee and is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.''

As indicated above, this lapsed devise of Levant Cook's would pass by virtue of the residuary clause (sec. 1332, Civ. Code) to Louis C. Watts had he survived the testatrix. He would receive such property *under the will* for the testatrix by the employment of a general residuary clause impliedly declares that the person named therein as residuary devisee and legatee shall take all of the property left by her at death and not otherwise effectually disposed of; it follows that such property would have come to him not alone by virtue of the provisions of section 1332 of the Civil Code, but by the express act of the testatrix.  The question, therefore, seems to reduce itself to this: Do the lineal descendants of a residuary devisee and legatee take the residuum under the provisions of section 1310 of the Civil Code, in the event the residuary devisee or legatee predeceases the testatrix?

Appellants cite authorities to the effect that ''A residuary clause may itself lapse or fail to take effect, in which event the property which otherwise might fall into it because of lapsed legacies will pass to the testator's heirs at law . . . The residuary legatee [and devisee] is dead. It is attempted to have his heirs stand in his place in that clause. The only manner or way in which these heirs may stand in the place of residuary legatee [and devisee] is by virtue of this statute [sec. 1310, Civ. Code], and the statute permits these heirs to take whatever is given the ancestor *by the will.*  If that is true, the utmost that could be claimed for the heirs at law of Louis C. Watts is the real estate owned by the testatrix at the time of her death and not included in any other devise mentioned in the will; because . . . , the Mattole Valley property is given by the will to others and not to Louis C. Watts. If the Mattole Valley property goes into the residuary clause and becomes a part of it, it is by virtue of the law of California, and not by virtue of the will.''  In other words, appellants appear to

go the length of claiming that any property received under a residuary clause of a will is *not received under the will* but solely by virtue of section 1332 of the Civil Code.

We have already shown that this contention is erroneous. It is true the will devises the Mattole Valley property to Isam Walker and Levant Cook, but it goes further and impliedly provides, that should either or both of said devisees predecease the testatrix, said lapsed devise or part thereof should descend and go to Louis C. Watts as residuary devisee and legatee. That is to say, by the residuary clause *of the will* he is given all the property of the testatrix not otherwise effectually disposed of. In view of this and the plain import of section 1310 of the Civil Code, which draws no distinction between a specific devise or bequest and a devise or bequest under the residuary clause, we think that Levant Cook's share of the Mattole property passed, on the death of the testatrix, to the lineal descendants of said Louis C. Watts, residuary devisee and legatee, and to their grantees. [7] *Estate of Kunkler,* 163 Cal. 797, 798 [127 Pac. 43], and *Estate of Wyman,* 182 Cal. 645, 648 [189 Pac. 267], are authority for the proposition that the provisions of section 1310 of the Civil Code apply to a lapsed residuary devise or legacy as well as to a lapsed specific devise or legacy. It is clear, therefore, that whether Louis C. Watts, residuary devisee and legatee, survived or predeceased the testatrix, any residuum would come to him under the will as well as by section 1332 of the Civil Code, and hence his lineal descendants are entitled thereto under the provisions of section 1310 of the Civil Code. It follows that by virtue of privity, distribution was properly made to their grantees.

The decree of distribution is hereby affirmed. No appeal lies from the order denying appellants' motion for a new trial.

Richards, J., Myers, C. J., Lennon, J., Waste, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices present concurred.