[Civ. No. 11463. Second Appellate District, Division Two.—May 20, 1937.]

In the Matter of the Estate of EMELINE CHILDS, Deceased. EMELEEN BATE CHILDS, Appellant, v. CARRIE M. HICKS et al., Respondents.

Meserve, Mumper, Hughes & Robertson, Edwin A. Meserve and Roy L. Herndon for Appellant.

Burr & Smith for Respondents.

WOOD, J.—The petitioner, Emeleen Bate Childs, granddaughter of Emeline Childs, deceased, appeals from a judgment and decree in proceedings to determine heirship. Emeline Childs executed her will on September 24, 1932, dividing her estate into six equal shares and leaving one share to each of her four living children and the remaining two shares to the children of her two deceased children *per stirpes*. Petitioner, who was living at the time of the execution of the will, is the daughter of Ozro W. Childs, one of the four children of the testatrix living when the will was executed. Ozro W. Childs predeceased the testatrix. Petitioner contends that she is entitled to receive, in addition to the share which would have been received by her father, an additional share as a pretermitted grandchild.

Before the adoption of the Probate Code situations such as the present one were governed by sections 1306, 1307 and 1309 of the Civil Code. Section 1307 provided: ''When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section.'' This section was construed in *Estate of Barter*, 86 Cal. 441 [25 Pac. 15, 16]. In that case the testator expressly disinherited a daughter who died after the execution of the will but before the death of the testator. It was held that the children of the daughter had no rights in the estate, notwithstanding they were not mentioned in the will. In holding that the children of the deceased were not ''the issue of any deceased child'' the court said: ''The object of that section is not to protect any grandchildren except those who, as presumptive heirs at law, would be entitled, had no will been made, to inherit at the time the will is published and made. That is the time when the children of the testator or the children of a deceased child are supposed, if not mentioned in the will, to have been omitted by oversight, because, at such time, their mother being dead, they would be pre-

sumptive heirs at law of their grandfather.'' The Barter case was followed in *Estate of Ross,* 140 Cal. 282 [73 Pac. 976].

The sections of the Civil Code above referred to were repealed upon the adoption of the Probate Code in 1931. The case before us is governed by sections 90 and 92 of the Probate Code. Section 90 of the Probate Code is as follows: ''When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate.'' It will be noted that in section 90 after the words, ''or for the issue of any deceased child'', there appear the words, ''whether born before or after the death of the testator''. It is now argued that these words, which do not appear in the repealed sections of the Civil Code, bestow upon petitioner the right to take a share of the estate as a pretermitted grandchild as well as the share which was expressly left to her father. We see nothing in these additional words which broaden the rights of petitioner. As pointed out in the Barter case the words, ''the issue of any deceased child'', refer only to the issue of children who may have died before the time of the execution of the will. Nothing is contained in the sections of the Probate Code which indicate that a construction should be placed upon these words different from the construction which had been placed upon section 1307 of the Civil Code. To reach this conclusion it need not be held that the additional words inserted in section 90 are without significance. These words might serve to give protection to a grandchild born after the execution of the will whose parent was dead at the time of its execution.

It is provided in section 92 of the Probate Code that if an estate is left to any kindred of the testatrix and the devisee or legatee dies before the testatrix leaving lineal descendants, such descendants take the estate given by the will in the same manner as the devisee or legatee would have done had he survived the testatrix. Under the provisions of this

section petitioner has been accorded by the decree of the trial court the one-sixth share in said estate which was devised and bequeathed to her father. ▮ The Probate Code became effective in August, 1931, and the will was executed more than a year later. The testatrix is presumed to have known and had in mind the law in force when she made her will. (*Estate of Walker,* 196 Cal. 323 [237 Pac. 1070].) She is presumed to have known that in case of the death of her son petitioner would receive her father's share in the estate. It may well be argued that the testatrix did not omit to provide for petitioner, who has in fact succeeded "to the same share in the estate of the testatrix as if she had died intestate".

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 19, 1937.