[Sac. No. 5315. In Bank.—February 3, 1941.]

In the Matter of the Estate of RUSH B. TODD, Deceased. RIDGEWAY ADDISON TODD, a Minor, etc., Appellant, v. INEZ TODD, Respondent.

Henry E. Monroe, Julia M. Easley and Geary & Geary and C. J. Tauzer for Appellant.

Grove J. Fink and Garton D. Keyston for Respondent.

CARTER, J.—This is an appeal from a decree of final distribution, which distributed the entire estate of Rush B. Todd, deceased, to his surviving wife, Inez Todd, one of respondents herein. The whole of said estate was decedent's separate property. The appellant is Ridgeway Addison Todd, a minor, the grandson of the decedent and being the son of Addison Todd, the son of decedent. Addison Todd died prior to the death of decedent. The other respondent is the executor of the estate.

The facts are undisputed. The decedent made his will on February 17, 1925, in which it was provided in part: "Paragraph Third: I hereby declare that I am married, that

my wife's name is Inez Todd, and that I have one child living, to-wit, a son, Addison Todd. Paragraph Fifth: I hereby give, devise and bequeath all of my estate, . . . equally, share and share alike, to my said wife, Inez Todd, and my said son, Addison Todd, or to the survivor of them." No mention of appellant, decedent's grandson, was made in the will, he was not provided for by settlement or advancement; and it does not appear from the will that the omission was intentional.

Appellant, grandson of decedent, was born on May 7, 1931. Addison Todd, decedent's son, died on September 28, 1935, and left appellant surviving him as his sole issue. Decedent died on May 16, 1936. The decree of distribution distributed the decedent's entire estate to Inez Todd, his surviving wife.

Appellant urges as grounds for reversal of the decree that appellant should take one-half of the estate by virtue of section 90 of the Probate Code, and that even if he cannot prevail on that basis he is entitled to one-half the estate by reason of the death of his father, one of the legatees in the will, prior to decedent's death, pursuant to section 92 of the Probate Code.

It is clear that if appellant comes within the terms of section 90 of the Probate Code, he is entitled to disregard the will and receive the portion of the estate allowed to him under the laws of intestate succession, which in the instant case is one-half of decedent's property inasmuch as it was separate property and decedent's wife survived him. (Prob. Code, secs. 90 and 221.)

Prior to the adoption of section 90 of the Probate Code in 1931, the law concerning pretermitted heirs was embodied in sections 1306, 1307, 1308 and 1309 of the Civil Code. Section 1306 provided for inheritance by a child born after the will and provided in part: "Whenever a testator has a child born after the making of his will, either in his lifetime or after his death, and dies leaving such child unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, the child succeeds to the same portion of the testator's . . . property that he would have succeeded to if the testator had died intestate." Section 1308 related to the sources from which a pretermitted heir's share should come. This is now stated in section 91 of the Probate Code. Section 1309 provided that the pretermitted heir take no share

if he had an equal share by advancement. This is now embraced in section 90 of the Probate Code. The portion of section 1307 which is here particularly pertinent read: ''When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section (1306). . . . '' Section 1307 was first construed in *In re Barter,* 86 Cal. 441 [25 Pac. 15], and it was there held that the failure of the testator to provide for his grandchild did not make such grandchild a pretermitted heir, where the grandchild's mother was alive at the time the will was made but died prior to the death of the testator. The decision was properly based on the ground that section 1307 made pretermitted heirs of only those grandchildren who were the issue of a child of the testator dead at the time the will was made. With section 1307 remaining unchanged, the Barter case was considered favorably in *Estate of Ross,* 140 Cal. 282 [73 Pac. 976], and *Estate of Matthews,* 176 Cal. 576 [169 Pac. 233], although the exact question involved in the Barter case was not in issue in either of those cases.

However, in 1931, sections 1306, 1307, 1308 and 1309 of the Civil Code were repealed and section 90 of the Probate Code was adopted and contains additional clauses radically changing those sections in certain respects. Section 90, the law controlling in the instant case, provides in part: ''When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, *whether born before or after the making of the will or before or after the death of the testator,* . . . unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate.'' The italicized portions are the clauses which did not appear in sections 1306 or 1307 of the Civil Code. We believe it is quite obvious that the legislature intended to change the law and the rule announced in the Barter case to provide that if the issue of a testator's child is not provided for by the will, such issue shall succeed to a share of the estate by intestate succession the same as if no will had been made regardless of whether the testator's child dies be-

fore or after the will is made, and whether the issue of the child is born before or after the making of the will, assuming, of course, the testator's child dies before the testator. To determine that no such change was accomplished as contended by respondents, and held by the trial court would be to render ineffective and practically meaningless the words added by the adoption of section 90. To assume that the change accomplished was limited to grandchildren born after the will was executed but whose parent was dead when the will was made, would be a strained and unreasonable construction. At the best it would make the added words fit only extremely rare instances and would be manifestly unjust as it would confer a right as a pretermitted heir on the child of a testator's son but deny that right to a child of the testator's daughter. This limited application of the added words as interpreted in *Estate of Childs,* 21 Cal. App. (2d) 103 [68 Pac. (2d) 306], is relied upon by respondents in support of the holding of the trial court. This holding is contrary to the views above expressed. In *Estate of Childs, supra,* it is stated, at page 105, that the only effect of the added words is: ''These words might serve to give protection to a grandchild born after the execution of the will whose parent was dead at the time of its execution.'' Manifestly, such a child would have received protection even under section 1307 of the Civil Code. Therefore the added words would be meaningless. But assuming such protection did not exist prior to the adoption of section 90 and that the added words gave only such protection, then that protection could never be enjoyed by the issue of a daughter of the testator because if such issue were born after the death of the testator the daughter could not have predeceased the testator, whereas the issue of a testator's son would be protected, but even such issue to come within the protected class would be limited to those born not later than the normal period of gestation after a time just prior to the testator's death, assuming the son died just prior to such death. We cannot believe that the legislature intended to give such a limited effect or make such a discrimination by the added words which is patently unreasonable and unjust. To countenance such a construction would violate the well settled rules of statutory construction. ▮ ''Ordinarily, it would seem that any essential change in the phraseology of a statutory provision would indicate an intention on the part of

the legislature to change the meaning of such provision rather than interpret it." (*Young* v. *Three for One Oil Royalties,* 1 Cal. (2d) 639, 646 [36 Pac. (2d) 1065].) Section 3542 of the Civil Code provides: "Interpretation must be reasonable." It is said in 23 Cal. Jur. 722, 723: " 'Interpretation must be reasonable.' The code so provides. And it has been decided, not only that the language of a statute must be given a reasonable interpretation, but that every statute as a whole must be so construed, and thus, when opportunity arises, made compatible with common sense and the dictates of justice. In other words, it is the duty of courts not to be ingenious to find ambiguities in statutes because of extraneous matters, but to interpret them in such a manner that they may be free from ambiguity, and to give, if possible, a construction which not only renders them constitutional, but which is consistent with sound sense and wise policy, with a view to promoting justice."

For the foregoing reasons, that part of the decision in *Estate of Childs, supra,* apparently holding that the protection to pretermitted heirs does not extend to a grandchild where the testator's child did not die until after the execution of the will, is expressly disapproved.

Respondents contend that because section 1306 of the Civil Code did contain the words "Whenever a testator has a child born after the making of his will, either in his lifetime or after his death" the clauses above mentioned appearing in section 90 of the Probate Code were not in fact added. The obvious answer to that proposition is that whereas section 1306 was concerned solely with the protection of an after-born child, that is, a child born after a will is executed, section 90 of the Probate Code provides for not only after-born children, but also the protection of the issue of such children.

Appellant insists that if the above-mentioned proposition is determined adversely to him, he is nevertheless entitled to half the estate under section 92 of the Probate Code, in his capacity as successor of his deceased father who was a legatee under the will. The will devises the estate to respondent, Inez Todd and the decedent's son, or the survivor of them.

In our opinion it was the testator's intention to substitute respondent Inez Todd as sole legatee under his will in the event of the death of his son, Addison Todd. This would

preclude appellant from taking any portion of the estate under section 92 of the Probate Code.  ██  However, if appellant could under the terms of the will have succeeded to the share of the estate devised or bequeathed to his father under the provisions of said section 92, he would be barred from sharing in the estate as a pretermitted heir under the provisions of section 90 of said code.

The decree of distribution is reversed with direction to the court below to enter a decree in accordance with the views herein expressed.

Shenk, J., Peters, J., *pro tem.*, Ward, J., *pro tem.*, and Gibson, C. J., concurred.

TRAYNOR, J., Concurring.—I concur.

Decedent, Rush Todd, disposed of his estate by will as follows: "I hereby give, devise and bequeath all of my estate, . . . equally, share and share alike, to my said wife Inez Todd, and my said son, Addison Todd, or to the survivor of them." In 1931, more than six years after the making of this will, Ridgeway Todd, son of Addison Todd and grandson of the testator, was born. No provision was made for him in the will. Addison Todd died in 1935 leaving his father and his son surviving him. Rush Todd, the testator, died in 1936. The decree of distribution gave the entire estate to Inez Todd, his surviving wife. Ridgeway Todd has appealed from this decree of distribution contending that (1) by virtue of Probate Code, section 90, he is a pretermitted heir and therefore entitled to one-half the estate as his intestate share and (2) Probate Code, section 92, entitles him to succeed to his father's share of the estate under the will.

Section 90 of the Probate Code provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

Section 92 of the Probate Code provides: "If a devisee or legatee dies during the lifetime of the testator, the testamen-

tary disposition to him fails unless an intention appears to substitute another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator.''

Section 90 cannot be properly interpreted without taking into account the effect of section 92. In the ordinary situation where a testator is predeceased by his child who leaves a surviving child, the grandchild will succeed to his parent's share under the will by virtue of section 92. If the grandchild has received no express mention in the will may he also be regarded as a pretermitted heir under section 90 with the right to claim his intestate share of the estate in addition to that portion which he takes by virtue of section 92? The majority opinion states that he may not but gives no reason for reaching that conclusion.

A grandchild who will take his predeceased parent's share under a will by virtue of section 92 cannot be a pretermitted heir under section 90. When a testator provides for his child by will with no alternate disposition in the event that the child predeceases him, he has by law also provided for any issue of the child, since the issue will take in the place of the parent under section 92. The testator has not, therefore, omitted to provide for the issue of any deceased child within the meaning of section 90. He has provided for such issue by operation of law; if the testator's child predeceases him, the grandchild will succeed to his parent's share under section 92 and hence cannot be a pretermitted heir under section 90. Thus, suppose a testator provides among other bequests one of $10,000 for his son but makes no mention of a grandson. Suppose further that the son predeceases the testator and that the grandson's intestate share under section 90 would be $100,000. The grandson by virtue of section 92 will take only the $10,000 in place of his father, and not the $100,000 under section 90.

In the present case the question of whether or not the grandson, Ridgeway Todd, is a pretermitted heir under section 90, turns upon the determination of whether or not he succeeds

to his parent's share under section 92. The import of section 92 is that if a testator makes a testamentary disposition in favor of his child which fails by virtue of the child's predeceasing the testator, no substitute legatee having been named, the issue of such child will take in place of his parent. If, however, the testator has provided that the property should go to an alternate legatee in such a situation, then such alternate will take the property by virtue of the terms of the will and, there being no lapse of the legacy, the issue of the predeceased child will be able to claim nothing under section 92.

In the present case the testator provided that his estate should go to his wife and his son, or to the survivor. Upon the death of the son therefore the right to receive the entire estate passed to the wife under the terms of the will and the grandson, Ridgeway Todd, cannot claim an interest in the estate under section 92.

The problem remains as to whether he is a pretermitted heir under section 90. If the grandchild of a testator is to take as a pretermitted heir under section 90, the grandchild's parent must have predeceased the testator. It is respondent's contention, however, that the grandchild can only take as a pretermitted heir if his parent was dead at the time the will was made; that if the parent was alive at the time the will was made, the testator's duty was to provide only for his then living child, and that if such child subsequently predeceases the testator, a surviving grandchild is not a pretermitted heir within the meaning of section 90. *In re Barter,* 86 Cal. 441 [25 Pac. 15], construing Civil Code, section 1307, now replaced by section 90, held that a grandchild was not rendered pretermitted by the testator's failure to provide for him when his parent was alive at the time the will was made even though the parent predeceased the testator. Section 1307 then provided: ''When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate . . . '' Following the repeal of sections 1306, 1307, 1308 and 1309 of the Civil Code in 1931, however, section 90 of the Probate Code was adopted and the following italicized clause was added: ''When a testator omits to provide in his will for

any of his children, or for the issue of any deceased child, *whether born before or after the making of the will or before or after the death of the testator . . .* unless it appears from the will that such omission was intentional, such child or issue succeeds to the same share in the estate of the testator as if he had died intestate.'' Despite its ambiguity, the most reasonable construction to be placed upon this added clause is that the legislature thereby intended to change the rule of the Barter case under former section 1307 and to provide that a grandchild could be pretermitted even though his parent, who subsequently predeceased the testator, was alive at the time of the making of the will. Unless the added clause is so construed it must either be disregarded entirely with respect to grandchildren or limited to situations where the testator's son has died before the making of the will but the son's wife has given birth to a child thereafter. (*Estate of Childs,* 21 Cal. App. (2d) 103 [68 Pac. (2d) 306].) Since such a grandchild would have been protected under the old section 1307, it is more reasonable to hold that in permitting the issue of a predeceased child, born before or after the making of the will, to be regarded as pretermitted, the legislature intended to include any child born at any time after the making of the will even though his parent was alive when the will was made. This view is reinforced by the reference in the clause to issue born before or after the death of the testator, which, with respect to grandchildren, would seem designed to cover the situation where a testator's son has predeceased the testator after the making of the will but the son's wife has given birth to a child after the testator's death. The only other possible interpretation with respect to grandchildren would limit the application of this part of the clause to the unusual situation in which the testator's son dies, the testator makes his will, the testator dies, and the son's wife gives birth to a child, all in the order given, within a period of nine months.

In this light Ridgeway Todd must be considered a pretermitted heir under the provisions of Probate Code, section 90, and he is therefore entitled to one-half of his grandfather's estate as his intestate share. (Prob. Code, sec. 221.)

A petition for a rehearing was denied March 3, 1941.