[Civ. No. 11951.   First Dist., Div. One.   Jan. 22, 1942.]

Estate of MOLLIE CARTER, Deceased. WILLIAM A. CARTER, JR., et al., Appellants, v. AGNES M. CARTER, Respondent.

James O'Gara, Jr. for Appellants.

James R. Agee and James M. Carl for Respondent.

WARD, J.—An appeal from portions of a decree of settlement of final account and of final distribution in the matter of the estate of Mollie Carter, deceased, distributing to her daughter Agnes Carter all of her estate except that assigned by the daughter to other parties, including appellant, during probate.

Mollie Carter died April 6, 1940, leaving a holographic will dated January 2, 1933. Her heirs at law included Agnes Carter, two sons, Thomas O. Carter and John J. Carter, and a grandson, William Arthur Carter, Jr., appellant, the minor son of William Arthur Carter, Sr., a predeceased son of the testatrix who died after the making of her will.

The will designated by name the daughter and the three sons, but contained no direct reference to appellant grand-

child. It contained specific devises and bequests to the daughter and provided: "My other property I possess I give and bequeath to my three sons." Thereafter appear bequests of three hundred dollars each to two clergymen for religious purposes. Finally, one hundred dollars was directed to be paid to any member of the family who might contest the will. The record does not disclose what "other property I possess" may have existed at the time of the execution of the will. At the time of the testatrix's death, however, some seven years later, the estate comprised only the real and personal property devised and bequeathed to the daughter. The court found "that there is no other property in said estate." Nevertheless, the two surviving sons and the grandson, appellant herein, received under the decree of distribution certain real property assigned them by the daughter; likewise each clergyman received the specific sum designated in the will.

It is the contention of appellant that the portions of the decree of distribution appealed from deny to him the share of his grandmother's estate to which, under the provisions of section 90 of the Probate Code, he was entitled as a pretermitted heir. This section provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." Section 91 of the Probate Code sets forth the manner and means by which a pretermitted heir may obtain an apportionment of the estate. Section 92 provides: "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitue another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendents, or is dead at the time the will is executed, but leaves lineal descendents surviving the testator, such descendents take the estate so

given by the will in the same manner as the devisee or legatee would have done had he survived the testator.''

The historical background of the above sections will be found in *Estate of Todd*, 17 Cal. (2d) 270 [109 Pac. (2d) 913], where all of the property was bequeathed to the wife and the son of the testator, share and share alike, ''or to the survivor of them.'' The son predeceased the testator; no settlement or advancement was made the grandchild; he was not mentioned in the will and it did not appear that the failure to mention him was intentional. The court there said (pp. 275-276) : ''In our opinion it was the testator's intention to substitute respondent Inez Todd as sole legatee under his will in the event of the death of his son, Addison Todd. This would preclude appellant from taking any portion of the estate under section 92 of the Probate Code. However, if appellant could under the terms of the will have succeeded to the share of the estate devised or bequeathed to his father under the provisions of said section 92, he would be barred from sharing in the estate as a pretermitted heir under the provisions of section 90 of said code.'' The case at bar presents a problem not present in the Todd case. The father herein was mentioned and ''provided for'' and under section 92 his son would ''take the estate so given by the will in the same manner'' as the father would have done had he survived the testator.

In the Todd case the court determined the intention of the testator from the terms of the will. ██ On the question of such interpretation, the document ''speaks'' and takes effect from the date of the death of the testator (*Estate of Babb*, 200 Cal. 252 [252 Pac. 1039]), whose intent may be determined only as of the date of the execution of the instrument. (*Estate of Painter*, 150 Cal. 498 [89 Pac. 98, 11 Ann. Cas. 760] ; *Estate of McCurdy*, 197 Cal. 276 [240 Pac. 498] ; *Estate of Lawrence*, 17 Cal. (2d) 1 [108 Pac. (2d) 893] ; Page on Wills, (Lifetime ed.) vol. 2, p. 816.) ██ Ordinarily extrinsic facts are not admissible to explain provisions in a will, but if surrounding facts and circumstances may be considered, then it is not the conditions existing at the time of probate proceedings but rather those at the time of the execution of the will that may throw light upon the intent of the testator, unless it is made plain by the terms of the

instrument that such testator considered circumstances which in the ordinary course of events would probably occur.

On the day the will was made the sons were living. Testatrix was not required to provide for appellant grandson at that time. It may be conceded that she fulfilled all the requirements of section 90 when she referred to her children in her will. The question arises: When the father of appellant died, was testatrix required to provide for the latter, or specifically disinherit him if she did not care to have him receive a pretermitted heir's share? In the Todd case, the court said, p. 273: "We believe it is quite obvious that the legislature intended to change the law and the rule announced in the Barter case [86 Cal. 441 (25 Pac. 15)] to provide that if the issue of a testator's child is not provided for by the will, such issue shall succeed to a share of the estate by intestate succession the same as if no will had been made. . . ." This language may not be construed to mean that it is absolutely necessary to rewrite a will in case of the death of a testator's child in order to provide for the child's lineal descendents if the latter are provided for under section 92. ▮▮ If the testatrix provided for the son without limitation, in the event he predeceased her his child would occupy the position of the parent and take under section 92. (*Estate of Walker,* 196 Cal. 323 [237 Pac. 1070].) It becomes important therefore in the present case to examine the provisions of the will, and if uncertainty appears therein to determine the intent of the testatrix.

▮▮ From the terms of the instrument it is clear that the testatrix desired primarily that "my dear and only daughter Agnes" be protected to the extent that if any member of the family should contest "against my wishes . . . I bequeath them One Hundred Dollars only." That the estate was in fact, or that testatrix believed at the time of the execution of the will that it was, in excess of the amount devised to her daughter, is apparent from the bequests to the clergymen and to any contestant of the will, which give color to the conclusion that the value of other property "I possess" was in fact something substantial, but assuming it to be only slight, in the sense that it may have been personal effects, etc., still it was a bequest to the father of appellant, to which the son would be entitled under section 92. If there was a possibility

of inheritance under that section, appellant would be barred as a pretermitted heir from sharing in the estate under the provisions of section 90. (*Estate of Todd, supra.*)

In view of the terms of the will bequeathing "other property I possess" to his father, it does not appear that the omission to include the grandson was intentional. There was no provision, as in the *Estate of Todd*, that the predeceased child's share should go to a specific survivor. Under the circumstances here, whatever inheritance was devised or bequeathed to the son of the testator descended to her grandson upon the death of his father, which precludes appellant's claim as a pretermitted heir under section 90. (*Estate of Todd, supra.*)

The difficulty in the present case is that on the closing of the estate there was nothing to distribute to the grandson, save what he received under assignment from testator's daughter, which he did not receive as a lineal descendent of a predeceased legatee. The test is not the value, nominal or otherwise, that one may receive, but rather whether, under the terms of the will, it would be proper to decree to appellant any right or interest, present or future. The decree provides: "To Thomas O. Carter, John J. Carter and William Arthur Carter, Jr., in equal shares, all property not now known or discovered which may belong to said estate, or in which said estate may have an interest."

Under the provisions of section 90, unless a testator omits to provide for a child or for the issue of any deceased child, such person may not inherit as a pretermitted heir. "The words 'omits to provide' . . . mean simply an omission to make a provision in the will, and has no reference to the pecuniary value of such provision." (*Estate of Callaghan,* 119 Cal. 571, 574 [51 Pac. 860, 39 L. R. A. 689].)

In view of the above conclusions, it is not necessary to consider other points raised by respondent. The portions of the decree of settlement of final account and of final distribution appealed from are affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 19, 1942. Houser, J., voted for a hearing.