[Civ. No. 14866. First Dist., Div. One. Dec. 17, 1951.]

Estate of ANNA FRINCHABOY, Deceased. LEON FRAYS-SINOUS, Appellant, v. GEORGETTE BRUGNOLI et al., Respondents.

George Devine for Appellant.

Albert Picard and Raymond N. Baker for Respondents.

BRAY, J.—This appeal is from a "Decree Determining Heirship and Interests In Estate" which held that respondents were pretermitted heirs of the testatrix.

## QUESTIONS PRESENTED

1. Is parol evidence admissible to determine which of two deceased daughters testatrix intended to designate by the words "my daughter"? 2. Does section 90 of the Probate Code or section 92 apply where the daughter of testatrix was deceased at the time of both the making of the will and the death of the testatrix, but left three children surviving the testatrix , and where the will provides a bequest of $1.00 "to my daughter, should she claim any interest in my estate"?

## FACTS

On April 30, 1948, Anna Frinchaboy executed her will in which after leaving her entire estate to appellant, her son Leon, she provided: "I hereby direct that the sum of ONE DOLLAR be given to my daughter, should she claim any interest in my estate." At that time testatrix' sole surviving child was her son, Leon. However, two daughters had theretofore died, one Zilla, without issue. The other, Mary, left surviving three children, the respondents, all of whom survived the testatrix, who died November 17, 1948. Thus, both at the time of the making of the will and the death of testatrix, the only living heirs of testatrix were appellant, her son, and respondents, her grandchildren, the issue of her daughter Mary. The will was admitted to probate. On the hearing of petitions to determine interests in the estate appellant offered evidence tending to show that by the words "my daughter" testatrix was referring to her daughter Mary who died in 1946, and not to Zilla, who died in 1942. Respondents objected. The court reserved its ruling. Although the record fails to show any direct ruling, the court considered this evidence, for it stated at the conclusion of the case that it was evident that testatrix was referring to Mary. In its decree the court found that respondents are pretermitted heirs of testatrix and entitled to an undivided one half of her estate.

### 1. *Parol Evidence*

█ It is well settled that extrinsic evidence may be resorted to where there is a latent ambiguity in a will due to the fact that there are two or more persons exactly measuring up to the designation or description of a person mentioned therein. Thus in *Estate of Donnellan*, 164 Cal. 14 [127 P. 166], the will bequeathed certain estate "to my niece Mary, a resident of New York, said Mary being the daughter of my

deceased sister Mary. . . ." (P. 16.) Parol evidence was held proper to show that testatrix' sister Mary and her children never left Ireland and that it was Anne, the daughter of testatrix' sister Anne, whom the testatrix intended to receive the bequest. See 28 Ruling Case Law 275 to the effect that parol evidence is admissible to show who was intended where the name or description fits with equal accuracy two different individuals. This rule does not violate the rule set forth in *Estate of Trickett,* 197 Cal. 20 [239 P. 406], to the effect that parol evidence may not be resorted to for the purpose of showing the intention of the testator to omit an heir from his will. The evidence which is admissible serves merely to point out the person the testatrix intended to include, not omit.

## 2. *What Probate Code Section Applies*

Assuming, then, that the testatrix was referring to Mary, does section 90 or section 92 apply? Section 90 provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator . . . unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." Section 92 provides: ". . . when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee . . . is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."

In *Estate of Todd,* 17 Cal.2d 270 [109 P.2d 913], it was held in effect that a grandchild who takes his predeceased's father's share under a will by virtue of section 92 cannot be a pretermitted heir under section 90. (See, also, *Estate of Childs,* 21 Cal.App.2d 103 [68 P.2d 306].) Thus, if here, the direction that Mary be given $1.00 if she claims any interest in the estate, constitutes, in the language of section 92, estate devised or beqeuathed to Mary, then respondents are not pretermitted heirs of testatrix but succeed as heirs of Mary to the estate given to her. In determining this question the language of the will is important. In leaving the whole of her estate to her son, testatrix used the words "I . . . give, devise and bequeath . . ." But in dealing with the daughter she does not, in so many words, give, devise or bequeath, but

merely *directs* that *if* the daughter claims any interest in the estate, she be given $1.00. It is obvious, then, from the language of the will that she was intending, not to make a bequest, but to disinherit the daughter. If the daughter makes no claim, she gets nothing. If she does make a claim she gets practically nothing, merely the nominal sum of $1.00, and she gets that, not as a bequest, but as a token of disinheritance. While there are cases that hold that bequests of nominal sums to a predeceased child are sufficient to cause the application of anti-lapse statutes to their children, such an interpretation of those statutes is highly technical, unfair and unrealistic. It completely overlooks the fact that a bequest of only $1.00 to a child of the testatrix is never intended as a gift from the testatrix, but is merely another way of saying, "I leave nothing to my daughter." In the cases where the will contains such a statement, it is held that the testatrix did not have the children of her deceased child in mind, but if she did practically the same thing but in other words, by leaving the child $1.00, it is contended that she did have the grandchildren in mind. The harshness of such a rule is well illustrated by this case. Here, at the time she made her will the testatrix had forgotten that her daughter was dead. She obviously did not want that daughter to get any part of her estate, not even $1.00, unless she made a claim. But it does not necessarily follow that had she known that her daughter whom she wanted to disinherit was dead, she would have remembered the fact that she had grandchildren and would have likewise disinherited them.

The situation in our case is not essentially different from that in *Estate of Price*, 56 Cal.App.2d 335 [132 P.2d 485]. There the testatrix devised her property to her two sons, omitting two grandchildren, children of a predeceased son. She then added the usual no-contest clause in which she stated that she purposely refrained from leaving anything to any other person or persons, and giving $1.00 only to any person contesting the will. The court held that in spite of such a clause and the fact that the testatrix had specifically stated that she was purposely refraining from leaving anything to any person or persons other than her two sons, she could not be held to have had the grandchildren in mind and they must be considered pretermitted heirs. The court applied the rule of *Estate of Trickett, supra* (197 Cal. 20), in refusing to permit parol evidence of whom testatrix meant by "person or persons."

*Estate of Lombard,* 16 Cal.App.2d 526 [60 P.2d 1000], appears at first blush to be contrary to *Estate of Price, supra* (56 Cal.App.2d 335), but actually is not. There the testator stated in his will that he had no sons or grandchildren; that except as otherwise specified in the will he had intentionally omitted to provide for his heirs. In a no-contest clause he gave to any person contesting $1.00. In holding that the testator's sons were not pretermitted, as it appeared from the face of the will that the testator expressly intended to omit them, the court pointed out that the will declared on its face that testator had "intentionally and with full knowledge omitted to provide for my heirs [children]." (This latter word was added by the court. Later it stated that the word "heirs" necessarily includes children of the testator.) It coupled the declaration in the will that the testator was intentionally omitting his heirs (children), with the provision of $1.00 for them if they should contest, and held that thereby they were expressly mentioned, and hence could not be considered pretermitted. ▓ The rule expressed in *Le-Breton* v. *Cook,* 107 Cal. 410 [40 P. 552], that constructions of wills which lead to intestacy, total or partial, especially where the will evinces an intention on the part of the testator to dispose of his whole estate, are not favored, does not control over a construction which follows the manifest intention of the testator.

▓ We can see no escape from the conclusion that the clause in question is one of disinheritance and not of bequest, and therefore section 92 does not apply. ▓ Therefore, as it does not appear from the will that the omission of the grandchildren was intentional (see *In re Salmon,* 107 Cal. 614 [40 P. 1030, 48 Am.St.Rep. 164], to the effect that mention in the will of the mother of testatrix' grandchildren is not sufficient to show that the testatrix had the grandchildren in mind) they succeed under the provisions of section 90 as if the testatrix had died intestate.

*Estate of Carter,* 49 Cal.App.2d 251 [121 P.2d 540], is not applicable. There the will contained specific devises and bequests to the testatrix' daughter. It then gave "My other property I possess" to her three sons, one of whom died after the making of the will but prior to the death of testatrix, leaving a son. The record did not disclose what "other property I possess" may have existed at the time of making the will. At the time of her death her only estate consisted of that specifically devised and bequeathed to the daughter.

The court held that the intention of the testatrix must be determined solely from the terms of the will, and that the intention must be determined as of the date of the will only. As of that date there was no requirement that testatrix provide for the grandson as she had provided for his father. Taking the terms of the will, it would appear from the fact that she also made bequests of $300 each to two clergymen, and $100 to anyone who might contest the will, that she believed she was bequeathing the three sons something substantial, but, assuming the bequests to be slight, in the sense that it may have been only personal effects, etc., it was still a bequest to the father of the appellant to which the latter, as his father's son, would be entitled under section 92. "If there was a possibility of inheritance under that section, appellant would be barred as a pretermitted heir from sharing in the estate under the provisions of section 90." (Pp. 255-6.) Applying that test to the will in our case, one cannot say that the provision for $1.00 (obviously as a disinheritance rather than an inheritance), gave the grandchildren or even the mother a possibility of inheritance. *Estate of Callaghan,* 119 Cal. 571 [51 P. 860, 39 L.R.A. 689], likewise is not in point as it was decided on the fact that the testatrix had actually mentioned the complaining grandchildren in her will although the property she devised them was nonexistent. By her will, testatrix gave nearly all her property to her son, daughter and children of the latter. She then devised six acres of land in Alameda County to two grandchildren, the children of a deceased son. It developed that although at one time testatrix had owned land in that county, she owned none at the time of making the will nor at her death. The grandchildren claimed that because of this fact they were pretermitted heirs. In holding that they were not, the court pointed out that section 1307 of the Civil Code, the predecessor of section 90, in no way compels a testatrix to leave property to the heirs therein mentioned, but does require that if there is an omission to provide, such omission appear from the terms of the will to be intentional; that the will shows that the testatrix had the grandchildren in mind, as she expressly mentioned them, even though in so doing she appeared to give them something which did not exist.

*Estate of Ross,* 140 Cal. 282 [73 P. 976], relied upon by both parties, is actually not in point. There, the testator bequeathed $10 each to his two sons, one of whom was dead at the time the will was executed, leaving surviving a daughter

who also survived the testator. The court pointed out that section 1310 of the Civil Code, the former anti-lapse statute, applied only to *devises* and not to *bequests*, and as there was no devise in the will to her father and as he was dead and therefore could not take the bequest, his daughter was completely omitted from the will and was entitled to succeed as a pretermitted heir under section 1307 of the Civil Code, the predecessor of the present section 90, Probate Code. Appellant argues that had section 1310, Civil Code, then included *bequests* as well as *devises* as section 92 does now, the court in the Ross case would have held that the granddaughter was not pretermitted. It is idle to speculate what the court might have done had the circumstances been different than those upon which it passed.

*Lawnick* v. *Schultz* (1930), 325 Mo. 294 [28 S.W.2d 658], supports appellant's position. The Missouri statutes were substantially similar to our sections 90 and 92. Testator gave most of his estate to his surviving wife, a substantial devise to a daughter by that wife, and then to a son and daughter by a prior wife $5.00 each. The latter daughter predeceased the testator. Her children contended that they were pretermitted. Although the court said (p. 660 [28 S.W.2d]) ''While the amount of the legacy left his daughter was tantamount, had she been alive, to a *virtual disinheritance*'' (italics added) it went on to hold that in spite of that fact the grandchildren would inherit through their deceased mother the $5.00, and hence could not be considered to have been omitted from the will. The court said (p. 661 [28 S.W.2d]) : ''The will shows an intention on the part of the testator to exclude his daughter and her descendants from the remainder of his estate. Thus the will shows that plaintiffs were not forgotten.'' We cannot go along with this statement, and we see no reason for applying the Missouri rule in California. It is illogical to state, as did the Missouri court, that where a will shows an intention of a testator to exclude a daughter it likewise shows an intention to exclude her children.

The decree is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1952. Schauer, J., and Spence, J., voted for a hearing.